UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────────
JUAN FAIFE,

                           Petitioner,

          - against -

UNITED STATES OF AMERICA,

                       Respondent.
────────────────────────────────────

                10 Civ. 0401 (JGK)
                06 Cr.  0058 (JGK)

                MEMORANDUM OPINION AND
                ORDER

JOHN G. KOELTL, District Judge:

The petitioner, Juan Faife (the "petitioner"), appearing pro se, moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  The petitioner pleaded guilty to one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and to one count of the underlying substantive offense of distribution and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A).  Pursuant to a plea agreement (the "Plea Agreement") the petitioner waived his right to appeal or litigate under 28 U.S.C. §§ 2255 and 2241.

The petitioner argues he received ineffective assistance of counsel at the time of his sentencing, and that the waiver of the right to appeal or litigate under 28 U.S.C. § 2255 does not bar this section 2255 petition.

I

On November 16, 2006, the petitioner pleaded guilty pursuant to the Plea Agreement to one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and to one count of distribution and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A). (Plea Tr. 12:5-13:16, 27:9-15; Plea Agr. 1.) On February 29, 2008, this Court sentenced the petitioner principally to a term of incarceration of 120 months on Counts One and Two, to run concurrently, followed by a three-year term of supervised release on both counts to run concurrently. (Sent. Tr. 26:18-27:7.)

In the Plea Agreement, the parties stipulated that pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1(c)(1), the base offense level for Counts One and Two of the superseding information was 38. (Plea Agr. 2.) After a two-level "safety-valve" reduction under U.S.S.G. § 2D1.1(b)(9) and a three-level reduction for acceptance of responsibility under § 3E1.1, the offense level was 33. (Plea Agr. 2.) The Government also calculated that the petitioner had zero criminal history points and accordingly, the parties stipulated that the petitioner was in Criminal History Category I. (Plea Agr. 3.) Based on these calculations, the Stipulated Sentencing Guidelines Range was 135 to 168 months imprisonment. (Plea Agr.

2

3.)  The Plea Agreement also provided that 21 U.S.C. §§ 846 and 841(b)(1)(A) required a statutory minimum term of 120 months. (Plea Agr. 3.)  However, the Government concluded that the petitioner was eligible for relief from the minimum statutory provision based on his satisfaction of the "safety-valve" criteria set forth in 18 U.S.C. § 3553(f).  (Plea Agr. 3.)  The Government sought a sentence within the Stipulated Sentencing Guidelines Range, without regard to the statutory minimum sentence.  (Plea Agr. 3.)

The Plea Agreement contained a waiver provision by which the petitioner agreed that he "will not file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below this Stipulated Guidelines Range of 135 to 168 months."  (Plea. Agr. 4.)  The parties further agreed that any sentence within the Stipulated Sentencing Guidelines Range would be reasonable. (Plea Agr. 3.)

The petitioner entered his guilty plea on November 16, 2006, with the assistance of a Spanish interpreter.  (Plea Tr. 1-2:16.)  Before accepting the plea, this Court advised the petitioner of each of the constitutional rights he would be waiving by pleading guilty.  (Plea Tr. 7:17-11:14.)  The petitioner indicated his understanding and his desire to plead guilty.  (Plea Tr. 7:17-19:14.)  The petitioner indicated that

3

he had discussed the waiver of indictment and his guilty plea with his attorney.  (Plea Tr. 6:22-7:1.)  The Court asked, "Are you satisfied with Mr. Leader and his representation of you?" (Plea Tr. 7:2-3.)  The petitioner responded, "Yes."  (Plea Tr. 7:4.)  The petitioner acknowledged that he was waiving the right to prosecution by indictment and agreed to proceed by the superseding information, and the Court summarized the charges for him.  (Plea Tr. 10:7-13:16.)  The Court explained the maximum penalties for the crimes as well as the mandatory minimum sentences and the petitioner said that he understood. (Plea Tr. 14:22-17:7.)  This Court then explained to the petitioner the operation of the advisory Sentencing Guidelines and the petitioner indicated that he understood.  (Plea Tr. 17:21-19:14.)

The petitioner acknowledged that the Plea Agreement had been translated for him before he signed it and that he fully understood it.  (Plea Tr. 19:15-20:20.)  He confirmed that the Plea Agreement contained "everything that [he] underst[oo]d about [his] plea and [his] sentence."  (Plea Tr. 20:8-10.)  The petitioner stated that no promises or threats had been made to him to induce him to plead guilty, or to enter into the Plea Agreement.  (Plea Tr. 20:17-20.)

This Court read to the petitioner the waiver provision in the Agreement.  (Plea Tr. 20:21-25.)  The Court asked, "Mr.

Faife, do you understand you have given up or waived your right to appeal or otherwise challenge or litigate in any proceeding, including any habeas corpus proceeding, any sentence within the range of 135 to 168 months or any sentence below that range[?]" (Plea Tr. 20:25-21:4.)  The petitioner responded, "Yes."  (Plea Tr. 21:5.)  The petitioner admitted his guilt, and explained the factual basis for his plea.  (Plea Tr. 23:17-25:9.)  The petitioner stated that he was entering his plea voluntarily and this Court accepted his plea and found that it was knowing and voluntary.  (Plea Tr. 27:18-19, 28:8-15.)

Following this guilty plea, the petitioner's counsel wrote a letter to the Court, dated October 9, 2007, and requested a sentence below the Sentencing Guidelines Range based on various considerations including personal factors.  (Pet'r's Mot. Ex. C.)

The petitioner appeared for sentencing before this Court on February 29, 2008, with the presence of a Spanish interpreter, who translated the entire proceeding for him.  (Sent. Tr. 1-2:11.)  After addressing several questions from the petitioner, this Court accepted the findings of fact in the Pre-sentence Report ("PSR").  (Sent. Tr. 23:18-19.)  After considering the various sentencing factors set forth in 18 U.S.C. § 3553(a), the Court imposed a term of imprisonment of 120 months on Counts 1 and 2, to run concurrently, and a term of three years'

Case 1:10-cv-00401-JGK   Document 6   Filed 09/22/10   Page 6 of 13

supervised release on both counts to run concurrently.  (Sent.

Tr. 23:18-24:7.)  The judgment setting forth the terms of the

sentence was signed on March 3, 2008.

Notwithstanding the waiver of appeal contained in the Plea

Agreement, the petitioner filed a pro se notice of appeal on

March 14, 2008.  The petitioner's counsel on appeal filed an

Anders brief requesting to be relieved as counsel on the grounds

that, first, the petitioner had waived his right to appeal, and

second, there were no non-frivolous issues to be raised on

appeal.  (See Anders Br. 14-21.)  The Government also filed a

motion to dismiss the petitioner's appeal, or in the

alternative, for summary affirmance.  The Second Circuit Court

of Appeals granted summary affirmance on February 23, 2009.  See

United States v. Faife, No. 08 Cr. 1333 (2d Cir. Mar. 17, 2009).

The petitioner then filed this motion on January 19, 2010,

to vacate, set aside, or correct his sentence pursuant to 28

U.S.C. § 2255, in which he raises the claim of ineffective

assistance of counsel at sentencing.


**II**

The Government argues at the outset that the waiver of

appeal or collateral attack contained in the Plea Agreement

prohibits this Court from reaching the merits of a challenge to

the petitioner's sentence.

6

The Court of Appeals for the Second Circuit has explained
that

> [i]n no circumstance . . . may a defendant,
> who has secured the benefits of a plea
> agreement and knowingly and voluntarily
> waived the right to appeal a certain
> sentence, then appeal the merits of a
> sentence conforming to the agreement.  Such
> a remedy would render the plea bargaining
> process and the resulting agreement
> meaningless.

United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir.
1993) (per curiam); see also United States v. Djelevic, 161 F.3d
104, 106-07 (2d Cir. 1998) (per curiam) (internal citation
omitted); Czernicki v. United States, 270 F. Supp. 2d 391, 393
(S.D.N.Y. 2003); Henriquez v. United States, No. 03 Civ. 478,
2003 WL 21242722, at *1 (S.D.N.Y. May 29, 2003).  The waiver,
however, does not prevent a defendant from "seek[ing] relief
from the underlying plea where the plea was not knowing and
voluntary."  United States v. Haynes, 412 F.3d 37, 39 (2d Cir.
2005) (per curiam); see also Almonte v. United States, Nos. 06
Cr. 460, 08 Civ. 1192, 2008 WL 2755818, at *2 (S.D.N.Y. July 14,
2008).  Moreover, the waiver would not bar a claim of
ineffective assistance of counsel directed at agreeing to the
plea agreement itself.  "To raise a claim despite a guilty plea
or appeal waiver, the petitioner must show that the plea
agreement was not knowing and voluntary . . . because the advice
he received from counsel was not within acceptable standards."

Parisi v. United States, 529 F.3d 134, 138 (2d Cir. 2008)
(internal citations and quotation marks omitted); see also
Giraldo-Perez v. United States, No. 08 Civ. 7529, 2009 WL
1492222, at *2-3 (S.D.N.Y. May 28, 2009).

In addition, the Court of Appeals for the Second Circuit
has determined that waivers of appeal or collateral attack
similar to the waiver in this case apply against claims that
arise after the execution of the plea agreement.  See Garcia-
Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001) (per
curiam) (holding that a waiver of appeal or collateral challenge
barred claims of error at sentencing when petitioner sought to
raise them on § 2255 challenge to sentence); see also Djelevic,
161 F.3d at 107 (rejecting petitioner's argument that his waiver
should not bar consideration of his appeal because counsel was
ineffective at the time of sentencing rather than at the time of
the plea).

In this case, the petitioner does not assert that he
received ineffective assistance of counsel at the time he
entered into the Plea Agreement.  The petitioner also does not
argue that the waiver of the right to appeal or collateral
attack was not knowing and voluntary.  Instead, the petitioner
claims that the waiver is inapplicable because it did not
specifically waive ineffective assistance of counsel claims
arising from conduct that took place after execution of the Plea

8

Agreement.  This argument is similar to those that the Court of Appeals for the Second Circuit rejected in Garcia-Santos and Djelevic.  See Garcia-Santos, 273 F.3d at 509; Djelevic, 161 F.3d at 107.

The plain language of the Plea Agreement in this case provides that the petitioner waived the right to collateral attack under § 2255 which would include a challenge based on alleged ineffective assistance of counsel at sentencing.  In the Plea Agreement, the petitioner agreed not to appeal or litigate under § 2255, "any sentence within or below the Stipulated Guidelines Range of 135 to 168 months."  (Plea Agr. 4.)  The Court of Appeals for the Second Circuit, in reading a plea agreement containing essentially the same waiver of appeal language, determined that, "[t]here is no suggestion in the language of the agreement that the defendant is waiving only claims that have already arisen."  Garcia-Santos, 273 F.3d at 509; see also Djelevic, 161 F.3d at 107.  The Court of Appeals also acknowledged that if the Court "were to allow a claim of ineffective assistance of counsel at sentencing as a means of circumventing plain language in a waiver agreement, the waiver of appeal provision would be rendered meaningless."  Djelevic, 161 F.3d at 107.  Thus, the petitioner's claim of ineffective assistance of counsel at sentencing is barred by the waiver contained in the Plea Agreement and is therefore denied.

III

Even if the Court were to reach the merits of the petitioner's claim, the petitioner has not demonstrated that his counsel provided ineffective assistance at the time of sentencing.

The petitioner contends that his sentence should have been lower in light of the disparity between his sentence and the sentences of his allegedly similarly situated co-defendants. The petitioner asserts that his counsel provided ineffective assistance at the time of sentencing by failing to present evidence regarding the length of his co-defendants' sentences.

To establish a claim of ineffective assistance of counsel, the petitioner must show both that: (1) his counsel's performance was deficient in that it was objectively unreasonable under professional standards prevailing at the time, and (2) his counsel's deficient performance was prejudicial to his case.  See Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Garcia-Giraldo v. United States, 691 F. Supp. 2d 500, 510 (S.D.N.Y. 2010).

To meet the first prong of the Strickland test, the petitioner must establish that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment."  Strickland, 466 U.S.

10

at 687.  There is a "strong presumption" that defense counsel's conduct fell within the broad spectrum of reasonable professional assistance, and a petitioner "bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy."  Kimmelman v. Morrison, 477 U.S. 365, 381 (1986) (citing Strickland, 466 U.S. at 688-89); see also Garcia-Giraldo, 691 F. Supp. 2d at 510.

To meet the second prong of the Strickland test, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Strickland, 466 U.S. at 694; see also Garcia-Giraldo, 691 F. Supp. 2d at 510.

With respect to the first prong of the Strickland test, the petitioner has not demonstrated that his counsel's performance at the time of sentencing was objectively unreasonable.  As explained above, the Plea Agreement contained a Sentencing Guidelines Range of 135 to 168 months.  The petitioner was fully advised by counsel at the time the Plea Agreement was executed and the petitioner agreed that this Sentencing Range was reasonable in light of all the factors set forth in 18 U.S.C. § 3553(a).  Prior to sentencing, petitioner's counsel wrote to

11

this Court and requested a sentence below the Sentencing

Guidelines Range based on a variety of factors.  This Court

considered those factors and sentenced the petitioner

principally to a term of incarceration of 120 months, a sentence

below the Sentencing Guidelines Range.  Counsel's ability to

achieve a sentence below the Sentencing Guidelines Range, which

the petitioner agreed was reasonable, belies the petitioner's

assertion that counsel's performance was objectively

unreasonable.  Counsel made a reasonable judgment as to which

factors should be stressed and obtained a downward variance

despite the parties' agreement that a higher sentence would have

been reasonable.  Thus, the petitioner has not overcome the

strong presumption that his counsel's conduct was reasonable at

the time of sentencing.

Moreover, there is no showing of prejudice.  There is no

showing of a reasonable probability that a consideration of

sentences for co-defendants would have led to a further

reduction in the defendant's wholly reasonable sentence.  Thus,

the petitioner suffered no prejudice from his counsel's

omission.

**CONCLUSION**

For the reasons explained above, the petitioner's motion

pursuant to 28 U.S.C. § 2255 is **denied**.  The Clerk is directed

12

to enter judgment dismissing the petition and closing this case.

The Court declines to issue a certificate of appealability

pursuant to 28 U.S.C. § 2253(c)(2) because the petitioner has

failed to make a substantial showing of the denial of a

constitutional right.

SO ORDERED.

Dated:     New York, New York
           September 21, 2010

                                              John G. Koeltl
                                        United States District Judge

13